| | |
|---|---|
| KIOKI RAY SNOWDEN, | No. 2:19-cv-01299-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER FALCO, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff alleges that while an inmate at California State Prison-Sacramento ("CSP-Sac")

2

he was denied adequate mental health services when he reported feeling suicidal on two different occasions to two different prison guards. ECF No. 1 at 3, 5. Plaintiff contends that as a result he gnawed his right middle finger to the bone causing him additional pain and nerve damage. ECF No. 1 at 3-5. In a separate claim for relief, plaintiff alleges that defendant Dr. Uddin verbally ridiculed him and did not care about helping him. ECF No. 1 at 4. Lastly, plaintiff asserts that he was pepper sprayed and had his left hand repeatedly kicked on January 1, 2019 when he reported feeling suicidal. ECF No. 1 at 5. Plaintiff does not identify which defendants were responsible for these actions. Id. By way of relief, plaintiff seeks compensatory damages. ECF No. 1 at 6.

### III. Legal Standards

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury). Additionally, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

When prison officials are accused of using excessive force in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). "Force does not amount to a constitutional violation ... if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir.2002) (quoting Whitley, 475 U.S. at 320–21.

Courts may evaluate the extent of the prisoner's injury, the need for application of force,

3

the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Plaintiff is also advised that mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action).

**IV.     Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim arising under the Eighth Amendment against defendants Falco and G. Swift based on their deliberate indifference to plaintiff's serious health needs. However, plaintiff does not allege sufficient facts demonstrating any cognizable claim against defendant Dr. Uddin. This defendant will be dismissed with leave to amend as plaintiff maybe attempting, however inartfully, to demonstrate that Dr. Uddin was deliberately indifferent to his serious health needs. The court cannot determine from the complaint what role, if any, defendants played in the alleged use of force against plaintiff on January 1, 2019. Accordingly, the Eighth Amendment excessive force claim will be dismissed from the complaint with leave to amend. At this time, plaintiff may elect to proceed on the cognizable claims against defendants Falco and G. Swift; or, in the alternative, he may elect to amend his complaint to attempt to cure some or all of the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.  Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on your Eighth Amendment claim against defendants Falco and G. Swift and voluntarily dismiss the other defendants; or, (2) try to amend the complaint to state claims against the remaining defendants. Once you decide, you must complete the attached Notice of Election form by checking **only one of the appropriate boxes** and return it to the court. Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint). If you do not return this Notice, the court will order

5

service of the complaint only on defendants Falco and G. Swift and will dismiss the remaining claims and defendants with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the Eighth Amendment claims against defendants Falco and G. Swift or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims with prejudice and proceed only on the cognizable claims identified above.

Dated: March 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/snow1299.1.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIOKI RAY SNOWDEN,<br><br>　Plaintiff,<br><br>　v.<br><br>OFFICER FALCO, et al.,<br><br>　Defendants. | No. 2:19-cv-01299-CKD-P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment claims against defendants Falco and G. Swift; OR,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:


　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff